## Case No. 1,644.

### BOONE et al. v. SMALL et al.

[3 Cranch, C. C. 628.] [1]

Circuit Court, District of Columbia. May Term, 1829.

INJUNCTION — ENJOINING ENFORCEMENT OF JUDGMENT—GROUNDS FOR.

It is no equitable ground for enjoining a judgment at law, that the complainants have commenced a suit at law against the plaintiffs at law to recover unliquidated damages upon a contract, unless those plaintiffs are insolvent, or some good ground exists to believe that the complainants would not be able to obtain payment of the damages which they might recover.

Bill for injunction, demurrer and answer, and motion to dissolve the injunction. [Bill dismissed.]

The bill states that Boone and Johns, under the name of Arnold Boone & Co., contracted with Lawrason and Fowle and G. Harrison for the delivery by them to the complainants, of a certain quantity of plaster of Paris, by a certain day, which they failed to do, whereby the complainants sustained damage to

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

a greater amount than the judgment recovered by one Small [defendant] upon a note given by the complainants to him for a load of plaster, delivered by him under the contract with Lawrason and Fowle, and G. Harrison. That they had supposed that they could set off those damages in the suit at law, against that note; but being mistaken, they have brought suit at law against these defendants, but they are pressing their execution against these complainants. The bill also states that the complainants, about the time they gave their note, lent to the said Harrison, one of the defendants, another note of about the same amount, which they have been obliged to take up, and which was always understood and intended by them, and they believe by the said Harrison, to go in settlement of the aforesaid note; wherefore they pray injunction, &c., until the decision of their suit at law for damages, or the further order of the court.

The defendants answered that the suit at law was. upon the trial, duly nonsuited, and as to the residue of the bill, they demurred, and the cause was set for final hearing by consent.

Mr. Marbury, for the defendants, contended that there was no equity in the bill; and that the pendency of a suit at law for unliquidated damages created no equity against a judgment at law. Kempshall v. Stone, 5 Johns. Ch. 195; Lansing v. Eddy, 1 Johns. Ch. 50; Barker v. Elkins, Id. 466; Barrett v. Floyd, 3 Call, 464; Billon v. Hyde, 1 Atk. 126.

Mr. Key, and Mr. Dunlop, contra. The demurrer admits that the complainants have suffered damage, by the non-performance of the contract, to a greater amount than the judgment at law. There was a good ground of equity when the injunction was granted, and the court having once possession of the case, will proceed to final relief, although that relief might be obtained at law. 1 Rand. (Va.) 300; 6 Mun. 464. The complainants supposed they could set off these damages at law, and therefore did not commence their action simultaneously with that of Small. This mistake is a ground of equity. Equity will relieve if the complainant has not had a fair trial at law. The lent note is also an equitable set off.

CRANCH, Chief Judge. This bill certainly never contained any ground of equity, even for an injunction; for the pendency of a suit at law for unliquidated damages, is no reason why the plaintiff at law, who has recovered his judgment, should not avail himself of it, unless his insolvency be averred, or some ground to believe that the complainant, if he should recover damages in his cross-action, would not be able to get payment from the plaintiff; such as his having no visible property, or being about to leave the country, &c. The note, lent by

the complainants to Harrison, could not either at law or in equity, be set off against a debt due to Lawrason and Fowle and Harrison; and it is evident, from its date, (15th October, 1818, at 90 days,) that it could not, when it was lent, be intended as a set-off against the complainants' note to Small, which fell due about the 1st of March, 1819, and being at ninety days, must have been given about the 1st of December, 1818. But if it be a set-off, it might as well be set off at law as in equity, and no sufficient reason is stated why it was not. I am, therefore, clearly of opinion that this injunction ought to be dissolved; and as the cause is, by consent, set for final hearing, that the bill should be dismissed.

MORSELL, Circuit Judge, concurred. THRUSTON, Circuit Judge, absent.